In re Stephen Dale SMITH, Sherryl Alice Smith, Debtors.

In re David Wayne MULLINS, Jana Ruth Mullins, Debtors.

Bankruptcy Nos. 598–50035–7, 598–50043–7.

United States Bankruptcy Court, N.D. Texas. Lubbock Division.

July 22, 1998.

Elizabeth S. Huffman, Boren & Waggoner, Lubbock, TX, for Debtors.

Timothy Zeiger, McKinley Ringer Zeiger, P.C., Dallas, TX, for CBS.

## MEMORANDUM OF OPINION ON REAFFIRMATION REQUEST

JOHN C. AKARD, Bankruptcy Judge.

Creditors Bankruptcy Service (CBS) filed a motion for rehearing with respect to this court's Order Denying Reaffirmation and Issuing Injunctions in both of the captioned cases. The court finds that the motions for rehearing should be denied.

## FACTS

### Smith Case

Stephen Dale Smith and Sherryl Alice Smith filed for relief under Chapter 7 of the Bankruptcy Code on January 9, 1998. The discharge and reaffirmation hearing was scheduled for May 27, 1998.

On March 13, 1998, CBS wrote to the Smith's attorney stating that CBS represented Service Merchandise. The letter asserted that Mr. and Mrs. Smith owed Service Merchandise $1,720.78 and that Service Merchandise had a purchase money security interest "in durable goods purchased." The letter requested that the Debtors reaffirm the obligation or redeem or surrender the collateral. The letter did not contain an description of the collateral nor any indication of its value. No evidence of the asserted purchase money security interest was attached to the letter. On March 20, 1998, the Smith's attorney wrote to CBS stating that she had received the proposed reaffirmation agreement and requested proof of the purchase money security interest. She stated that upon receipt of proof she would consult with her clients concerning the matter. CBS did not respond.

At the May 27, 1998 discharge and reaffirmation hearing, the Debtors' attorney filed the March 13, 1998 letter from CBS. The court entered an Order Denying Reaffirmation and Issuing Injunctions (Order) in which the court (1) denied the reaffirmation agreement proposed by CBS and Service Merchandise, (2) found the claim to be unsecured, (3) enjoined them from making any attempt to collect any prepetition indebtedness from Mr. and Mrs. Smith and (4) enjoined them from interfering with Mr. and Mrs. Smith in the possession of their property.

Federal Rule of Bankruptcy Procedure 9023 incorporates Rule 59 of the Federal Rules of Civil Procedure. Rule 59(b) provides that a motion for new trial shall be served not later than ten days after the entry of the judgment. However, this court's Order allowed the creditors thirty days from the entry of the Order in which to have their attorneys file a motion for new trial. The Order was entered on May 28, 1998.

On June 29, 1998, CBS and Service Merchandise filed a motion for rehearing.[1] Attached to the motion is a credit application signed by Mr. Smith in 1993. The credit application purports to grant a security interest. The copy of the application is hardly legible and it is not clear that this application was given to Service Merchandise. There were no documents showing any purchases by Mr. or Mrs. Smith from Service Merchandise.

During the hearing, the attorney for CBS stated that Service Merchandise had decided not to pursue this matter and that CBS was the sole party to the motion.

### Mullins Case

David Wayne Mullins and Jana Ruth Mullins filed for relief under Chapter 7 of the Bankruptcy Code on January 12, 1998. The discharge and reaffirmation hearing was scheduled for May 27, 1998.

On March 11, 1998, CBS wrote to the Mullins' attorney stating that CBS represented Service Merchandise. The letter asserted a balance due of $2,485.11 and was otherwise identical to the letter in the Smith case. The Mullins' attorney requested proof of a security interest. CBS' only responses were demand letters of April 7, 1998 and May 1, 1998, neither of which tendered any proof of a security interest nor any description of the alleged collateral.

At the discharge and reaffirmation hearing on May 27, 1998, CBS' March 11, 1998 letter was filed and the court signed an order substantially the same as the Order in the Smith case. That order was entered May 28, 1998.

CBS and Service Merchandise filed a motion for rehearing on June 29, 1998. At the hearing on this matter, CBS' attorney stated that Service Merchandise had chosen not to proceed in this matter and that CBS was the sole proponent of the motion for rehearing. There was not attached to the motion for rehearing, nor did CBS introduce into evidence, any document signed by Mr. or Mrs. Mullins purporting to grant a security interest, nor any evidence of any items purchased by Mr. or Mrs. Mullins from Service Merchandise.

---

1. The thirty days for filing the motion for rehearing expired on Saturday, June 27, 1998. Consequently, the filing on Monday, June 29, 1998 was timely.

## DISCUSSION

### Lack of Standing

■ CBS acts in these matters solely as the agent of Service Merchandise. Since Service Merchandise decided not to pursue these matters, CBS has no standing to bring the motions for rehearing. Consequently, they must be denied.

### Injury

■ CBS has not established that it has a security interest in any property owned by Mr. and Mrs. Smith or by Mr. and Mrs. Mullins. It has not demonstrated how it was in any way injured or adversely affected by this court's Order. For this reason also, the motions for rehearing must be denied.

### Creditor Actions

■ CBS acknowledges that it "did inquire" of the Debtors' attorney about reaffirmation, redemption, or surrender. CBS asserts that it did not file a "reaffirmation agreement" and consequently, the court should not have taken any action on its inquiry. This court should not allow CBS to escape the consequences of its actions by the labels which it puts on those actions. In both cases, CBS demanded a reaffirmation agreement, surrender of the collateral, or redemption of the collateral. Its final letter in the Mullins case specifically demanded return of the collateral. All of these demands were made without any evidence that CBS had a security agreement signed by the Smiths or the Mullins' and all without any description of the alleged collateral or its value. It is the responsibility of every creditor to prove its entitlement to the relief it requests. Since CBS made no attempt to prove its entitlement to the relief it requested, it should not be surprised when the court denied that relief.

■ CBS states that this court should not set aside its liens without an appropriate hearing. Before it can make that complaint,

CBS must first show that it has a lien. It has not done so. The court gave CBS thirty days, rather than the usual ten days, to file a motion for rehearing. That was ample time for CBS to establish its alleged liens. It failed to do so. In the Smith case, CBS attached to its motion for rehearing a barely legible credit application, but no evidence of any collateral. In the Mullins case, it filed neither a credit application nor any evidence of collateral.

■ When a creditor files a proof of claim in a bankruptcy case asserting a security interest in property of the debtor, the creditor must include evidence that the security interest has been properly perfected. *See* Federal Rule of Bankruptcy Procedure 3001(d). Nothing less should be required in connection with a creditor's request for a reaffirmation agreement, surrender or redemption.

### Fresh Start

■ One of the purposes of bankruptcy is for debtors to get a fresh start in their financial lives. *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). If CBS' position in this case were upheld, there would be nothing to prohibit CBS from going to the Debtors' house post-bankruptcy and claiming that it had a lien on all of the Debtors' personal property. The resulting trauma, time, and expense to the Debtors would clearly deny them their fresh start. Indeed, this court can envision CBS sending collectors to the Debtors' house post-bankruptcy and using foreclosure threats as a way to collect an obligation which had been discharged in their bankruptcy case.

### CONCLUSION

In order for these Debtors to get the fresh start they expect as a result of their bankruptcy case, questions about whether creditors hold liens on property must be resolved in the bankruptcy court and must not be left to await post-bankruptcy foreclosure actions by creditors. CBS' motions for rehearing must be denied.

ORDER ACCORDINGLY.[2]

---

**2.** This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to FED. R. BANKR. P. 7052 which is made applicable to

Contested Matters by FED. R. BANKR. P. 9014. This Memorandum will be published.